# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

MICHAEL ANTHONY LORUSSO,

      Plaintiff,

v.

                                        Case No.  4:26-cv-5-TKW-MJF

SECRETARY FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILY SERVICES, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The District Court should dismiss this case because: (1) Plaintiff Michael LoRusso has incurred three strikes and failed to pay the filing fee; (2) LoRusso fails to state a plausible claim for relief; and (3) LoRusso's attempt to change this § 1983 action into a petition for a writ of habeas corpus fails because his proposed habeas petition is duplicative of a petition already pending in this District.

### BACKGROUND

LoRusso is a pre-trial detainee who currently is confined at the North Florida Evaluation and Treatment Center pursuant to a Florida

court adjudging him incompetent to stand trial in Pinellas County Circuit Court Case No. 24-06524-CF.

## A.    The District Court's Order to Screen LoRusso's Petitions

LoRusso is a frequent filer in the Northern District of Florida. He has filed more than sixty cases in this District, and many were dismissed as improvidently filed, frivolous, or duplicative of already pending habeas petitions.

Because LoRusso was abusing the judicial process, on October 14, 2025, the District Court ordered the clerk of the court to (1) "return to Petitioner without filing any future documents seeking habeas relief that are not accompanied by the filing fee or a complete IFP motion"; and (2) "either return to Petitioner or refer to the division duty magistrate judge for pre-filing screening any future documents received from Petitioner that do not contain an existing case number." *See LoRusso v. Sec'y of Families of Children Services*, No. 1:25-cv-281-TKW-HTC, ECF No. 6, (N.D. Fla.).

## B.    LoRusso Commences this Civil Action

LoRusso commenced this civil action pursuant to 42 U.S.C. § 1983 by filing a "complaint for violation of civil rights (prisoner complaint)"

and a "supplement to the complaint" in the United States District Court for the Middle District of Florida. Docs. 1, 2. In his complaint, LoRusso names as Defendants the secretary of the Florida Children and Family Services, the secretary of the Florida Department of Corrections, and Centurion Medical Services. Doc. 1.

LoRusso alleges that Defendants violated federal law when they falsified medical records to reflect that LoRusso has a mental illness and lied to the federal judge presiding over one of his previously filed civil cases: *LoRusso v. Sec'y, Dep't of Corr.*, No. 8:22-cv-2258-MSS-TGW (M.D. Fla).[1] Doc. 1 at 4. LoRusso also alleges that "Defendant engaged in a conspiracy to deny Petition right to [illegible] expression of forged information [illegible] the arrest warrant." *Id.* at 3 (errors in original). For relief, LoRusso seeks $125 million and the criminal prosecution of Defendants. *Id.* at 5.

LoRusso's "supplement" to the complaint is titled "Petition for Writt of Habeas Corpus 28 U.S.C. § 2241." Doc. 2. LoRusso's supplement is

---

[1] Filings in that case bear LoRusso's FDC inmate number "345454." *See* No. 8:22-cv-2258-MSS-TGW, ECF No. 82-1.

nonsensical and rambling. It offers no basis for challenging his pretrial detention.[2]

The District Court for the Middle District of Florida construed LoRusso's filings as a civil rights complaint under 42 U.S.C. § 1983. Judge Carlos E. Mendoza transferred the action to the Northern District of Florida. Doc. 4.

## B.    The Undersigned's Order to Show Cause

Because the District Court's pre-screening injunction did not explicitly apply to civil rights actions filed by LoRusso, and because LoRusso had not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*, the undersigned ordered LoRusso to show cause why this case should not be dismissed. Doc. 7. The undersigned also ordered LoRusso to pay the filing fee or move for leave to proceed *in forma pauperis*.

---

[2] Had LoRusso submitted this "supplement" for filing in the United States District Court for the Northern District of Florida, the clerk of the court would have returned the filing pursuant to the District Court's order in *LoRusso v. Sec'y of Families of Children Services*, No. 1:25-cv-281-TKW-HTC.

**C.    LoRusso's Motion for Leave to Proceed *In Forma Pauperis* and Amended Habeas Petition**

LoRusso filed a motion for leave to proceed *in forma pauperis* and a proposed amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docs. 9 & 10. In his proposed amended petition, LoRusso seeks to challenge the criminal proceedings in Pinellas County Circuit Court Case No. 24-06524-CF.

**DISCUSSION**

**A.    Dismissal Under 28 U.S.C. § 1915(g)**

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner initiates the prisoner's lawsuit, and failure to do so warrants dismissal of the case. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.

Page 5 of 14

2001). An exception exists when a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

### 1.  *LoRusso Has Accrued at Least Three "Strikes"*

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that LoRusso filed the following civil actions while incarcerated in the FDC that were dismissed as frivolous or for failure to state a claim on which relief may be granted:

- *LoRusso v. Ga. Dep't of Corr.*, No. 1:03-cv-190 (M.D. Ga.) (dismissed as frivolous on December 30, 2003);

- *LoRusso v Johnson, et al.*, No. 8:20-cv-1779 (M.D. Fla.) (dismissed on May 27, 2021 for failure to state a claim); and

- *LoRusso v. Paul*, No. 5:22-cv-260 (E.D. Ky.) (dismissed as frivolous on October 12, 2022).

These cases qualify as "strikes" under § 1915(g). These cases are attributable to LoRusso insofar as they bear his name and FDC number (345454).

Because LoRusso has accrued *at least* three strikes, he may not litigate this case *in forma pauperis*, and he was required to pay the filing

fee at case initiation, unless his allegations demonstrate that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### 2. *LoRusso Fails to Satisfy the Imminent-Danger Exception*

In determining whether a prisoner sufficiently has alleged imminent danger of serious physical injury, the court "looks to the complaint, construing it liberally and accepting its allegations as true." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). To satisfy the "imminent danger" exception, the prisoner must allege that he is in "imminent danger 'at the time that he seeks to file his suit in district court.'" *Id.* at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Daker*, 999 F.3d at 1311 (general assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a

pattern of misconduct evidencing the likelihood of imminent serious physical injury.").

Here, LoRusso's allegations do not establish he is in imminent danger of serious physical injury. LoRusso alleges that other inmates and patients are "violent," but LoRusso fails to allege specific facts indicating that fellow patients have caused harm to LoRusso or likely will cause him serious physical injury. A mere allegation that a person was "violent" is insufficient to invoke 1915(g)'s exception. *Ridley v. Ward*, 2023 WL 11967765, at *2 (N.D. Ga. Mar. 31, 2023).

Because LoRusso is barred from proceeding *in forma pauperis*, the District Court must deny LoRusso's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice under 28 U.S.C. § 1915(g). *Dupree*, 284 F.3d at 1236.

## B.    Dismissal Under 28 U.S.C. § 1915A(b)(1)

There is a second, independent reason to dismiss this civil action: a district court must dismiss a civil action filed by a prisoner if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### 1.   *Sovereign Immunity*

LoRusso sues the FDC and the Secretary of the Florida Children and Family Services under § 1983 for damages. These claims must be dismissed because these Defendants are entitled to sovereign immunity.

The Eleventh Amendment recognizes that the States may assert sovereign immunity that would bar suits by an individual against a State, its agencies, and its employees in their official capacity, unless Congress has abrogated the State's sovereign immunity, or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc).

The Eleventh Amendment and the doctrine of sovereign immunity, however, do not preclude suits against state officers in their official capacities for prospective injunctive relief. *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)). *Ex parte Young* provides a narrow exception to sovereign immunity in cases where a party is seeking prospective relief against state officials for ongoing violations of federal law. 209 U.S. 123 (1908). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a

'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002)).

Congress has not abrogated the States' sovereign immunity in actions for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Furthermore, Florida has not waived its immunity from suit. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). Thus, LoRusso's claims for damages against the FDC and the Secretary of the Florida Children and Family Services must be dismissed.

### 2.     *LoRusso Requests Criminal Prosecution of Defendants*

LoRusso also requests that the District Court initiate a criminal prosecution of Defendants. This claim is frivolous.

"The Executive Branch—not the Judiciary—makes arrests and prosecutes offenses on behalf of the United States." *United States v.*

*Texas*, 599 U.S. 670, 679 (2023) "Under the authority of Art. II, s 2, Congress has vested in the Attorney General"—not the federal courts— "the power to conduct the criminal litigation of the United States Government." *United States v. Nixon*, 418 U.S. 683, 694 (1974) (citing 28 U.S.C. § 516).

Because the District Court lacks the authority to initiate criminal prosecutions against Defendants, LoRusso's claim is frivolous.

## C.   The District Court Should Dismiss Plaintiff's Habeas Petitions

As noted above, LoRusso seeks to change this civil action—that LoRusso filed pursuant to 42 U.S.C. § 1983—into a petition for a writ of habeas corpus. But an action pursuant to § 1983 and a petition for a writ of habeas corpus "are *mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (emphasis added). Thus, LoRusso may not convert this civil action into a habeas proceeding merely by requesting as much. "[A] petition for habeas corpus may not be 'converted' to a civil suit, nor may district

judges convert suits in the other direction." *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004).

Even if the District Court possessed the power to convert this civil action into one seeking a writ of habeas corpus, that would create a duplicative habeas case. LoRusso asserts that the State is engaging in "vindictive prosecution" and brought the charges against LoRusso to penalize LoRusso for "exercising a constitutional right to file an 2254 petition." Doc. 9 at 3. Essentially this is the same habeas claim that LoRusso has raised in another case. *See LoRusso v. Secretary Fla. Dept. of Child. and Fam.*, 1:25-cv-105-TKW-MAF (N.D. Fla.). A petitioner may not maintain two duplicative habeas cases. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (explaining "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions" and federal trial courts have broad discretion to dismiss duplicative litigation to avoid wasting judicial resources); *Martin v. Sec'y, Dep't of Corr.*, No. 24-10677, 2024 WL 2853188, at *1 (11th Cir. June 5, 2024) (citing *I.A. Durbin, Inc.*, and applying same principle to duplicative

habeas appeal). Thus, LoRusso's attempt to recast this § 1983 action as a habeas case does not prevent dismissal.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** LoRusso's motion for leave to proceed *in forma pauperis*, Doc. 10.

1. **DISMISS** this civil action with prejudice under 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1).

3. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 17th day of April 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any**

**objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**